THOMAS HALPIN, Respondent, *v.* INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Where a claim of forfeiture is based upon a clause in a contract which is capable of two constructions, one of which will support, and the other defeat the principal obligation, the former will be preferred; the forfeiture will not be permitted upon equivocal or doubtful language.

Defendant issued a policy of fire insurance on all machinery "used in the business of manufacturing leather and morocco" contained in a certain building described.   A clause of the policy declared that "if a building covered by this policy shall become vacant or unoccupied, or if a mill or manufactory shall stand idle * * * without notice to, and consent of the company stated thereon, all liabilities hereunder will thereupon cease."   The property insured was destroyed by fire.   In an action upon the policy, it appeared that for several months prior to the fire the factory had stood idle, although the machinery was not removed from the building.   *Held,* that the property insured was neither a mill nor a manufactory within the meaning of the condition; that it referred to a building used for milling or manufacturing, and had no application to personal property such as was covered by the policy, although used in a mill or manufactory.

*Halpin* v. *Phœnix Ins. Co.* (118 N. Y. 165); *Halpin* v. *Ætna Fire Ins. Co.,* (*ante,* p. 70), distinguished.

(Argued March 5, 1890; decided March 21, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 27, 1887, affirming a judgment in

favor of plaintiff entered upon a verdict directed by the court.

This is an action upon an insurance policy issued by the defendant on the 10th of February, 1883, whereby it insured the plaintiff for the period of one year from that day " against loss or damage by fire to an amount not exceeding $2,000, on his boiler, steam engine and connections, machines, machinery, shafting, belting, pulleys, hangers, tubs, tanks, tables, tools, vats and all machinery and apparatus used in the business of manufacturing leather and morocco; all contained in the frame building and extension situate on the south side of Wallabout street, about 375 feet westerly from Lee avenue, Brooklyn, L. I."

The defendant answered, alleging that after the delivery of the policy and before the loss occurred, the plaintiff permitted " the said building in said policy mentioned to become vacant and unoccupied and the said mill to remain· idle   *   *   * until, and at the time of the fire in "· question.

It appeared that the property insured was totally destroyed by fire on the 4th of January, ·1884, and that for several months prior thereto, the morocco factory had " stood ·idle," although the machinery was not removed from the building.

Further facts appear in the opinion.

*Thomas E. Pearsall* for appellant.    The permitting of the building containing the property covered by the policy to become unoccupied and business ceasing to be done, there was a change in the risk increasing the hazard, and its not being reported to the company the policy is void. ( *Wolff* v. *O. Ins. Co.*, 25 Wkly. Dig. 418; *Paine* v. *A. Ins. Co.*, 5 T. & C. 619.) It was error to hold that the words covered by this policy only referred to the building, and to refuse to allow the jury to pass upon the question and as to whether the policy had been rendered void by the building becoming " vacant or unoccupied." (*Paine* v. *A. Ins. Co.*, 5 T. & C. 619 ; *Barry* v. *P. Ins. Co.*, 33 Hun, 601; *Ashworth* v. *B. Ins. Co.*, 112 Mass. 423 ; *Herrman* v. *A. Ins. Co.*, 35 N. Y. 162 ; *Moore* v. *P. Ins. Co.*, 34 Alb. L. J. 369.)

*Nathaniel C. Moak* for respondent. If the facts found by
the jury were sustained by any evidence authorizing their
finding, they cannot be reviewed in this court but are here con-
clusive between the parties. (Code, § 1337 ; *Quincy* v. *White,*
63 N. Y. 375 ; *Reynolds* v. *Robinson,* 82 id. 106 ; *People
ex rel.* v. *French,* 92 id. 306, 310 ; *Derham* v. *Lee,* 87 id. 604,
605 ; *Matter of Ross,* Id. 514, 517, 518 ; *Hynes* v. *McDer-
mott,* 91 id. 451, 464.) This is the defendant's policy. The
conditions are its own, and must be construed most favorably
to the insured. The defendant is responsible for, and must
bear, any uncertainty, or anything that is doubtful in this con-
dition. (*Baley* v. *H. Ins. Co.,* 80 N. Y. 23 ; *Herrman* v. *M.
Ins. Co.,* 81 id. 184 ; *Hoffman* v. *A. Ins. Co.,* 32 id. 405 ;
*Greffey* v. *N. Y. C. Ins. Co.,* 100 id. 417 ; *Reynolds* v. *C.
Ins. Co.,* 47 id. 597 ; *Rosenwald* v. *P. Ins. Co.,* 50 Hun, 174.)
The words " vacant " or " unoccupied " must be construed with
reference to the kind of structure or building insured and the
purposes for which used. (*Whitney* v. *B. R. Ins. Co.,* 9 Hun,
37 ; 72 N. Y. 117, 118 ; *Herrman* v. *M. Ins. Co.,* 81 id. 184 ;
*Woodruff* v. *I. Ins. Co.,* 83 id. 133, 141–144; *Herrman* v. *A.
Ins. Co.,* 85 id. 162 ; *Barry* v. *P. Ins. Co.,* 35 Hun, 604 ; *W.
A. Co.* v. *Mason,* 5 Bradw. 141 ; *Cummins* v. *A. Ins. Co.,* 67
N. Y. 260 ; *Franklin* v. *Kepler,* 95 Penn. St. 482 ; *P. Ins.
Co.* v. *Tucker,* 92 Ill. 70–74 ; *Shackleton* v. *F. Ins. Co.,* 55
Mich. 288, 291 ; *Lasalle* v. *Ins. Co.,* 43 N. J. Law, 468; *Gibbs*
v. *C. Ins. Co.,* 13 Hun, 612, 620 ; *Gamewell* v. *M. Ins. Co.,*
12 Cush. 167 ; *O'Brien* v. *C. Ins. Co.,* 6 J. & S. 517 ; *Stu-
petskie* v. *T. F. Ins. Co.,* 43 Mich. 373–375 ; *Eddy* v. *H. Ins.
Co.,* 70 Ia. 472 ; *Kimball* v. *M. Ins. Co.,* Id. 511, 513, 516 ;
*Moorehouse* v. *A. Ins. Co.,* 11 Wkly. Dig. 228 ; 23 Hun, 294 ;
*Miller* v. *Oswego,* 18 Hun, 526 ; *Steusgard* v. *N. F. Ins. Co.,*
36 Minn. 101 ; *A. F. Ins. Co.* v. *B. C. M. Co.,* 17 N. E. Rep.
771 ; *Poss* v. *Ins. Co.,* 7 La. 704 ; *Harrington* v. *F. Ins. Co.,*
124 Mass. 126 ; *Bennett* v. *A. Ins. Co.,* 106 N. Y. 243 ;
*Miaghan* v. *H. F. Ins. Co.,* 24 Hun, 58.) The court did not
err in refusing to dismiss the complaint on the ground that
there had been a change within the control of the assured.

(*A. F. Ins. Co.* v. *Zaengers*, 63 Ill. 464 ; *Kelly* v. *W. Ins. Co.*, 97 Mass. 284 ; Wood on F. Ins. 581, § 243 ; *Becker* v. *F. Ins. Co.*, 48 Mich. 610 ; *R. Ins. Co.* v. *Hannawold*, 37 id. 103 ; *Browning* v. *H. Ins. Co.*, 71 N. Y. 508 ; *H. Ins. Co.* v. *Kinnier*, 28 Gratt. 88 ; *Mills* v. *O. Ins. Co.*, 18 Hun, 525 ; *Foy* v. *A. Ins. Co.*, 3 Allen [N. B.], 29, 35, 36.) Upon the question as to whether it was a material change of risk for insured property to become vacant during the existence of the policy, the testimony of experts, as matter of opinion, was inadmissible. If it is the fact that vacancy increases the danger of loss by fire, it is susceptible of proof. (*Kirby* v. *Phœnix*, 9 Lea, 142 ; *Liverpool* v. *McGuire*, 52 Miss. 228, 232 ; *Rawls* v. *American*, 27 N. Y. 283, 293 ; *Valton* v. *National*, 17 Abb. Pr. 272, 282 ; *Higbee* v. *Guardinier*, 53 N. Y. 603 ; *Schmidt* v. *P. Ins. Co.*, 41 Ill. 295, 296, 299 ; *Stennett* v. *P. Ins. Co.*, 68 Ia. 674–676 ; *Hill* v. *L. Ins. Co.*, 2 Mich. 481 ; *Bryan* v. *P. Ins. Co.*, 8 W. Va. 605, 608, 609, 610.)

Vann, J.　The policy in question is a long instrument containing some provisions that apply exclusively to insurance upon buildings, or real property, others that apply only to personal property, and others still that are applicable to property of both kinds. The form was evidently designed for use in insuring both kinds together, or either kind separately, but in the latter case, of course, certain provisions were not intended to be operative, as there would be nothing for them to act upon.

The only provision specifically pleaded by the defendant in its answer, as a defense to this action, is the following, viz. : " If a building *covered by this policy* shall become vacant or unoccupied, or, if a mill or manufactory, shall stand idle or be run nights or overtime, without notice to and the consent of the company clearly stated hereon, all liability hereunder will thereupon cease ; and if a building shall fall, except as the result of a fire, this policy, if covering thereon, *or on property therein*, shall thereupon immediately cease and determine."

It is contended by the defendant that "the machinery covered by the policy constituted a mill and that its standing idle created a forfeiture."

On the other hand, the plaintiff claims that a building is the sole subject of insurance contemplated by the first part of the clause above quoted, and that its true meaning is that if a building covered by the policy shall become vacant or unoccupied, or if, being a mill or manufactory, it shall stand idle, all liability shall at once cease. The plaintiff further claims. that the property insured was not a mill or manufactory, and that it was not insured as a mill or manufactory, but simply as personal property.

We think that the plaintiff is right in his contention, because it would not be a natural or ordinary use of language to describe machinery used in milling as a mill, or in manufacturing as a manufactory. (*Herrman* v. *Merchants' Ins. Co.*, 81 N. Y. 184.) The property insured was neither a mill nor a manufactory, as those words are commonly understood. While the word "mill" is used to describe "a machine for grinding," it is also defined as "a building, with its machinery, where grinding or some process of manufacturing is carried on." (Webster's Dict.) A manufactory is "a house or place where anything is manufactured." (Id.) Neither term would be understood or used by the mass of mankind to describe simply "machinery and apparatus used in the business of manufacturing leather and morocco," which is the description in the written part of the policy that is claimed to mean a mill or manufactory, as used in the printed part.

If the defendant intended to attach the condition in question to machinery used in a mill, it should have said so. In the condition relating to the fall of a building, it is provided that "this policy, if covering thereon *or on property therein*, shall thereupon immediately cease." So the clause prohibiting the use of certain inflammable substances provides that if they are "stored, kept or used in any building on which, *or on the contents of which*, there is any insurance," the policy shall be void. Thus it appears that in certain instances, by the use of

language that no one could mistake, the insurer made its intent clear that a certain condition should apply both to real and personal property. If it intended that the condition under consideration should thus apply, why did it not say so? We think that this condition refers to a mill or manufactory in the sense only of a building used for milling or manufacturing and that it has no application to the personal property covered by the policy.

Moreover, if there is a reasonable doubt as to the meaning or application of this clause, it should be construed most favorably to the insured, because the insurer prepared and executed the contract and is responsible for the language used. (*Kratzenstein* v. *Western Assurance Co.*, 116 N. Y. 54, 59; *Dilleber* v. *Home Life Ins. Co.*, 69 id. 256, 263.) As was said by this court in a recent case: "The defendant is claiming a forfeiture. When a clause in a contract is capable of two constructions, one of which will support and the other defeat the principal obligation, the former will be preferred. Forfeitures are not favored and the party claiming a forfeiture will not be permitted, upon equivocal or doubtful clauses, or words, contained in his own contract, to deprive the other party of the benefit of the right or indemnity for which he contracted." (*Baley* v. *Homestead Fire Ins. Co.*, 80 N. Y. 21, 23.)

The learned counsel for the defendant has referred us to a case recently decided by this court, in which the plaintiff sought to recover for a loss upon the building that contained the personal property involved in this action and destroyed by the same fire. (*Halpin* v. *Phenix Ins. Co.*, 118 N. Y. 165.) The policy in that case covered the building only and provided that if said building should become vacant or unoccupied the insurance should cease. We gave effect to that condition, which was clear and unequivocal, by reversing the judgment that the plaintiff had recovered.

In another case arising out of the same fire and decided during the present term, the policy covered personal property only, described as contained in said building, but it provided that "if the above-mentioned premises," referring to the build-

ing, should become vacant or unoccupied the policy should be void. (*Halpin* v. *Ætna Fire Ins. Co.*)* In that case also we were required by the clear and unmistakable terms of the contract and the facts, as disclosed by the evidence, to reverse the judgment that had been rendered in favor of the plaintiff. But we are called upon, in the case at bar, to enforce a contract that differs materially from either of the others named, because it fails to attach any condition, that was shown to have been violated, to the property covered by the policy.

The judgment in this case, therefore, should be affirmed.

All concur.

Judgment affirmed.