(50 App. Div. 419.)

### McFADDEN v. BLOCH et al.

(Supreme Court, Appellate Division, Second Department. April 14, 1900.)

CONTRACT—TIME LIMIT—CONSTRUCTION.

Defendants, having purchased from plaintiff certain premises abutting on a street used by a railway company, agreed with plaintiff, in consideration of a reduction of $2,000 in the selling price, that they would begin an action against the company for certain damages arising from its use of the street, employ certain attorneys at plaintiff's expense, and execute such deeds and releases as the judgment might require; plaintiff to have the proceeds of the recovery. It was agreed that they should not dispose of the property during the pendency of the action without notifying the attorneys, and that the agreement should "cease and come to an end" five years from its date. Action was begun more than five years after date of the agreement, and $800 recovered. Defendants refused to execute the necessary deeds and releases, and the judgment was not paid. Held, in an action for damages for such refusal, that the five-year clause

would be construed as applying only to the provision as to defendants'
disposition of the property, and that the remainder of the contract con-
tinued in force, so as to enable plaintiff to recover.

Appeal from trial term, New York county.

Action by Jane McFadden against Jacob Bloch and Mayer Bloch
to recover for breach of contract. From a judgment in favor of
plaintiff (60 N. Y. Supp. 547), defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH,
WOODWARD, and HIRSCHBERG, JJ.

John R. Farrar, for appellants.
Henry G. Atwater, for respondent.

GOODRICH, P. J. The plaintiff, being the owner of premises in
New York City, on Ninth avenue, abutting the Manhattan Elevated
Railway, in December, 1892, commenced the usual action against the
railway company to recover fee and rental damages. In April, 1893,
she conveyed the premises to the defendants. At the same time an
agreement was made between them, which, after reciting that it was
intended that the plaintiff should receive all rental and fee damages,
provided that the defendants should commence an action against the
railway company, and employ the plaintiff's attorneys to conduct the
same at the expense of the plaintiff, and authorized such attorneys to
pay her all sums recovered, after deducting the expenses of the suit.
It also provided that the defendants should execute such deeds and
releases as might be required by the judgment, and that the defend-
ants should not sell the premises during the pendency of the action
without notifying the attorneys. At the end of the final clause of the
agreement is a sentence to the effect that the agreement was to bind
the parties, their heirs, executors, and assigns, "save that this agree-
ment shall cease and come to an end at the expiration of five years
from the date hereof," viz. April 24, 1893. Contemporaneously, the
defendants executed papers retaining the plaintiff's attorneys to com-
mence such action, and authorized them to pay the amount recovered
to the plaintiff. A suit was commenced by said attorneys in the
name of the defendants in December, 1898, over eight months after
the expiration of the five years named in the agreement. The suit
was substituted on the calendar in place of the plaintiff's suit, and
resulted in a judgment for the present defendants, in which $800 was
fixed as the fee damage. The railway company, in June, 1899,
tendered the defendants that sum, but they refused to execute the
deeds and releases to the company, as required by the judgment, upon
payment of the damages, and the company refused to pay the money.
The present action is brought to recover the plaintiff's damages re-
sulting from such refusal of the defendants to execute such releases.

The decision of this appeal depends upon the construction to be
given to the above quoted clause of the agreement. The court at spe-
cial term delivered an opinion, which is hereto appended (published
in 60 N. Y. S. 577), and we agree with its conclusions. In Halpin v.
Insurance Co., 120 N. Y. 70, 23 N. E. 988, it was held that, where a
claim of forfeiture is based upon a clause in a contract which is
capable of two constructions, one of which will support and the other

defeat the principal obligation, the former will be preferred. The forfeiture will not be permitted on equivocal or doubtful language. And in Russell v. Allerton, 108 N. Y. 288, 15 N. E. 391, the court, in a case of doubtful language in a contract, refused to accept the construction which would place the parties in a purely business matter wholly at the mercy of others with whom they were contracting. We are thus brought to the consideration of the final clause. If we say that all rights and liabilities thereunder were to cease absolutely at the end of the five years, the result will be that the plaintiff, who never sold the damage claim to the defendants, but, on the contrary, reduced the purchase price of the house $2,000 as a condition of her retaining the right of action against the railway company, will lose her claim. We shall not be swift thus to decide. On the other hand, it is a reasonable construction that the final clause was intended by the defendants to relate only to the other clause of the agreement by which they were tied up in selling the property during the pendency of the damage suit without notifying the attorneys. In this connection it is to be noted that the defendants retained the plaintiff's attorneys as their own. To decide that their delay in bringing and prosecuting the suit beyond the five years shall defeat the plaintiff's recovery of her damage claim is to hold her responsible for the negligence of the defendants' agents in a matter in which they were acting as attorneys of the defendants. We are unwilling to construe the agreement in such a manner that the defendants, who authorized a suit to be brought in their names for the plaintiff's benefit, and at her expense, to recover the damages which they stipulated belonged, and should continue to belong, to the plaintiff, shall be able to withhold from her the results and fruits of the litigation, and appropriate them to their own use, especially in view of the fact that they obtained a reduction of the purchase price of the premises far greater in amount than the sum secured to the plaintiff by the judgment appealed from. We have examined the exceptions contained in the record, and find them untenable to reverse a judgment which is in furtherance of manifest justice. For these reasons the judgment should be affirmed.

Judgment affirmed, with costs. All concur.