SEUBERT, Respondent, v. FIDELITY-PHENIX I. CO.,
Appellant.

(136 N. W. 103.)

**Insurance—Fire Insurance—"Vacant or Unoccupied" House.**

Where the husband of a tenant of a house and his hired man slept in the building after the tenant had removed most of the furniture, leaving the balance there, and continued to occupy it nights until within five or six days of time of fire; the husband leaving on the premises his horses and chickens, etc.; **held,** the house did not become "vacant or unoccupied," and remain so for ten days prior to the fire, within the meaning of a fire policy stipulating that it should be void if the building became vacant or unoccupied, and so remained for ten days.

(Opinion filed, May 7, 1912.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Ludwig Seubert against the Fidelity-Phenix Insurance Company of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

*Boyce, Warren & Fairbank,* for Appellant.

Did the insured building "be or become vacant or unoccupied and so remain for ten days" prior to the fire?

"The policy in this case conforms strictly to the statutory requirements.

"This policy therefore becomes both the contract and the law governing both the rights and duties of each of the parties to the contract.

"It follows that every provision and condition of the contract should be so interpreted by the courts as to render effectual the legislative intent to require honesty and fair dealing on the part of both parties to the contract. This legislation renders many of the well established rules of interpretation of insurance contracts, where the language of the contract is that adopted by the parties themselves wholly or partially inapplicable." Lawver v. Globe Mut. Ins. Co., 127 N. W. (S. D.) 615, 617.

The legislative contract contemplates an increase of hazard during a change of occupancy, not exceeding ten days. If these

premises were occupied within the meaning of the policy during the six or seven days after the removal of the tenant and while the only occupancy was the fact that the husband and hired man slept there at night, then such occupancy could continue indefinitely and the premises which were insured as a female boarding house would continue to be indefinitely insured although they were no longer occupied for that purpose.

Mr. Wood in his work on insurance, (2d edition) Vol. 1, page 223, says: "A broad distinction is made between a condition that 'if the premises shall be left vacant and unoccupied' and a condition 'if it shall be left vacant or unoccupied.' In the former case both elements, to-wit: vacancy and non-occupancy must concur, whilst in the other, either vacancy or non-occupancy voids the policy." Herman v. The Adriatic Fire Ins. Co., 85 N. Y. 163.

Whenever premises cease to be occupied for the purpose named in the policy it is not of any avail that the dwelling is used as a makeshift place in which one or more of the members of the plaintiffs family sleep, not for the purpose of protecting the interests of the insured, but simply and solely for their convenience while sleeping there. At all other times there is no one having the interest to guard the premises from fire contemplated by the policy, and even while sleeping there their interest ceases with their exit in case of fire.

The authorities are so numerous that we will not attempt to cite them all, but will call your attention to the following: Ashworth v. Builders Mutual Ins. Co., 112 Mass. 422, in which the court said: "Occupancy as applied to such buildings implies the actual use of the house as a dwelling place."

"The insurer has a right by the terms of the policy to the care and supervision which is involved in the occupancy of the house." Sleeper v. Insurance Co., 5 Insurance Law Journal, 538 (N. H.); Keith v. Quincy Mutual Ins. Co., 10 Allen, (Mass.) 228.

Traders Insurance Co. v. Race, 15 Ins. Law Journal, 633, cited and quoted from in Ostrander on Fire Insurance, pp. 408, 409; Sections 144 to 147 of Ostrander on Fire Insurance.

Agricultural Ins. Co. v. Hamilton, 30 L. R. A. 633, contains quite a brief on the question, and we call your attention particularly to the remarks of the court with regard to the case of Bonefant v. American Fire Ins. Co., 76 Mich. 653, and the conclusion of the court in the principal case. Cook v. Continental Ins. Co., 17 Mo. 610; Payne v. Agricultural Ins. Co., 5 T. R. (N. Y.), 619; Corrigan v. Connecticut Ins. Co., 122 Mass, 298; Moore v. Phenix Ins. Co., 6 Atl. Rep; Poor v. Humboldt Ins. Co., 125 Mass. 277; Sonneborn v. Ins. Co., 44 N. J. Law, 220; Aetna Ins. Co. v. Myers, 63 Ind. 238; Dennison v. Phenix Ins. Co., 52 Iowa, 457; McClure v. Watertown Ins. Co., 90 Penn. 277; Litch v. Insurance Co., 136 Mass. 491; Cooley's Briefs on the Law of Insurance, Vol. 2, pges 1064, et seq.

*Sam H. Wright* and *W. J. Ellwood,* for Respondent.

The general rule is that a mere description of the property as occupied in a certain manner, is not a warranty that it shall continue to be so occupied. Liverpool, London & Globe Ins. Co. v. McGuire, 52 Mass. 227; Schultz v. Merchant's Ins. Co., 37 Mo. 331; O'Neal v. Buffalo Fire Ins. Co., 3 N. Y. 122; Merchants' Ins. Co. v. Frick, 2 Am. Law Rec. 336 (Id.) .

Vacant, is by no means synonymous with the word, unoccupied, "Vacant" implies entire abandonment (Whitney v. Black River Ins. Co., 9 Hun. (N. Y.) 37), and that the building is not occupied for any purpose (Pabst Brewing Co. v. Union Ins. Co., 63 Mo. App. 663), it means deprived of contents; empty. (Vol. II, page 1663, Briefs on the Law of Insurance, by Cooley). Limburg v. German Fire Ins. Co., 90 Iowa, 709, 57 N. W. 626, Id. 23 L. R. A. 99, Id. 48 Am. St. Rep. 468; Thomas v. Hartford Fire Ins. Co., 21 Ky. Law Rep. 914, Id. 53 S. W. 297; Norman v. Missouri Town Mutual Fire L. T. C. & Co., 74 Mo. App. 456; Barry v. Prescott Ins. Co., 35 Hun. (N. Y.) 601; Woodrull v. Imperial Fire Ins. Co., 83 N. Y. 133.

But in this definition "empty" has reference to the use of the building, and, though the building is not empty, if the articles stored there are of a character foreign to the use and purpose of the building, it will be regarded as vacant (in the case at bar, the building was used as the abode for persons, the use under

which it was always used and insured, and the occupation was not foreign to the use described in the policy of insurance). Sexton v. Hawkeye Ins. Co., 69 Iowa, 99, 28 N. W. 462; Richards v. Continental Ins. Co., 83 Mich. 508, 47 N. W. 350, 21 Am. St. Rep. 611; Martin v. Rochester German Ins. Co., 86 Hun. 33-35, N. Y. Supp. 404; Vol. II. Briefs on the Law of Insurance, page 1663-1668 (Cooley).

Occupied, does not, however, imply that some person must be in the building all the time, without interruption, but merely that there must be no cessation of occupation for any considerable length of time. See Vol II, Briefs on the Law of Insurance, by Cooley, p. 1664.

In the case at bar, the husband of plaintiff's tenant, did not cease to occupy, until four or five days before the fire, and the property that remained in the building until that time was the property of the tenant of plaintiff. Insurance Co. of North America v. Coombs, 19 Ind. App. 331, Id. 49 N. E. 471; Pains v. Agricultural Ins. Co., 5 Thomp. & C. (N. Y.) 619; Wait v. Agricultural Ins. Co., 13 Hun. (N. Y.) 371; Vanderhoef v. Agricultural Ins., 46 Hun. (N. Y.) 328.

A dwelling is occupied when it is in actual use by human beings who are living in it as a place of habitation. Schuermann v. Dwelling House Ins. Co., 161 Ill. 437, 43 N. E. 1093, 52 Am. St. Rep. 377; Home Insurance Co. v. Boyd, 19 Ind. App. 173, 49 N. E. 285; Agricultural Ins. Co. v. Hamilton, 82 Md. 88, 33 Atl. 429, 30 L. R. A. 633, 51 Am. St. Rep. 457; Bonefant v. American Fire Ins. Co., 76 Mich. 653, 43 N. W. 682; Hoover v. Mercantile Town Mutual Ins. Co., 69 S. W. 42; Johnson v. New York Bowery Fire Ins. Co., 39 Hun. (N. Y.) 410; Farmers Ins. Co. v. Wells, 42 Ohio St. 519; Weidert v. State Ins. Co., 19 Or. 261, 24 Pac. 242, 20 Am. St. Rep. 809.

This principle does not imply that there must be someone in the house constantly, or that it must be occupied by a family, or that it must be put to all the uses to which a dwelling is usually put; the only essential is that it is the usual place of abode, see Vol. II. Briefs on the Law of Insurance (Cooley) page 1666; Hartford Fire Ins. Co., v. Smith, 3 Colo. 422; Rockford Ins. Co.

v. Storig, 137 Ill. 646, 24 N. E. 674, affirming 31 Ill. App. 486; Home Ins. Co. v. Wood, 47 Kan. 521, 28 Pac. 167; Dwelling House Ins. Co. v. Osborn, 1 Kan. App. 197, 40 Pac. 1099; Imperial Fire Ins. Co. v. Kierman, 83 Ky. 468; Home Ins. Co. v. Peyson, 54 Neb. 495 and 4 N. W. 960; Moody v. Amazon Ins. Co., 52 Ohio, St. 12, 38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699; Home Ins. Co. v. Hancock, 106 Tenn. 513, 62 S. W. 145. 52 L. R. A. 665.

Nor does it affect the question that the family have left with the intention of not returning, if some member thereof remains in charge of the house pending the arrival of the new tenant, Vol. II. Briefs on the Law of Insurance, page 1667 (Cooley) ; Phoenix Ins. Co. v. Tucker, 92 Ill. 64, 34 Am. Rep. 106; Shackelton v. Sun Fire Office Co., 55 Mich. 288, 21 N. W. 243, 54 Am. Rep. 379; Norman v. Missouri Town Mut. Fire L. T. C. & W. Ins. Co., 74 Mo. App. 456; Herrman v. Merchants' Ins. Co., 81 N. Y. 184, 37 Am. Rep. 488, affirming 44 N. Y. Super. Ct. 444; Phenix Ins. Co. v. Burton, 39 S. W. 319; Woodruff v. Imperial Fire Ins. Co., 83 N. Y. 133; German American Ins. Co. v. Evants, 62 S. W. 417.

It has been held in some cases that the house under those circumstances is not unoccupied. Home Ins. Co. v. Wood, 28 Pac. 167; Omaha Fire Ins. Co. v. Sinnott, 74 N. W. 955; Gibbs v. Continental Ins. Co., 13 Hun. (N. Y.) 611; Moody v. Amazon Ins. Co., 52 Ohio St. 12, 38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699; Home Ins. Co. v. Hancock, 62 S. W. 145, 52 L. R. A. 665; also Thieme v. Niagara Fire Ins. Co., 100 App. Div. 278, Id. 91 N. Y. Supp. 499 (good case). Vol. II. page 1675, Briefs on the Law of Insurance, by Cooley; Lockwood v. Middlesex Mut. Ins. Co., 47 Conn. 553; Traders Ins. Co. v. Race, (Ill.) 29 N. E. 846, and over fifty other cases there cited.

The mere fact that furniture is left in the house, is not alone sufficient to show that the house was "occupied" especially if such articles are few in number, sub. div. "B" Vol. 19, Cyclopedia of Law and Procedure," page 730; Traders Insurance Co. v. Race, 29 N. E. 846; American Ins. Co. v. Padfield, 78 Ill. 167; Snyder v. Firearms Fund Ins. Co., (Iowa) 42 N. W. 630; Rich-

ards v. Continental Ins. Co., (Mich.) 47 N. W. 350; Eureka F. & M. Ins. Co. v. Baldwin, (Ohio) 57 N. E. 57; Johnson v. New York Bowery Fire Ins. Co., 39 Hun. (N. Y.) 410; Gibbs v. Continental Ins. Co., 13 Hun. (N. Y.) 611; Moody v. Amazon Ins. Co., 38 N. E. 1011.

If a member of the family be the caretaker and "some use" is made of the premises, the house is used as a "Dwelling." Moody v. Amazon Ins. Co., 52 Ohio St. 12, 38 N. E. 1011, 49 Am. St. Rep. 699, 26 L. R. A. 313; Vol. 19, page 731, head note 81, Cyc. of Law and Procedure.

CORSON, J. This is an appeal by the defendant from a judgment entered in favor of the plaintiff, and from the order denying a new trial. The action was instituted by the plaintiff to recover the sum of $1,000 upon a policy of insurance issued by the defendant upon a certain dwelling house in the city of Sioux Falls, which was totally destroyed by fire. The complaint is in the usual form, and the only defense interposed by the defendant is that the house became "vacant or unoccupied," and remained so for 10 days within the meaning of the clause in the standard South Dakota fire insurance form which provides that the "entire policy, unless otherwise provided by agreement endorsed thereon, or added thereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." At the close of all the testimony, both parties moved the court for a direction of a verdict, and the case was submitted to the court; findings of fact being waived. The court thereupon entered a judgment in favor of the plaintiff and against the defendant for the sum of $1,061.60, being the amount of the policy, interest, and costs.

The only question presented by the record seems to be as to whether or not the facts warranted the court in holding that the premises had not become "vacant or unoccupied," and so remained for 10 days prior to the fire. It is disclosed by the evidence that the building was occupied by Margaret Filber, a tenant, at the time the policy was issued as a boarding house; that on or about

the 27th day of September, more than 10 days prior to the fire, the principal part of the furniture was moved to another house in the vicinity, and Mrs. Filber, with a woman assisting her, lived thereafter at the new place of residence; that Mrs. Filber's husband and hired man slept for several nights thereafter at their former residence, and so continued to occupy the same nights until within about five or six days of the time of the fire; and that the horses, chickens, etc., belonging to the husband remained in a barn upon the premises until the husband finally left and joined his wife at the new place of residence.

It is contended by the defendant that when Mrs. Filbert, the tenant, left the premises and moved a larger part of the furniture therefrom, the house became "vacant or unoccupied" within the meaning of the clause contained in the policy. The respondent, however, in support of the judgment of the court below, insists that as the house was occupied by the husband and his hired man nights for sleeping purposes and the horses, chickens, etc., were retained upon the premises, and a part of the furniture still remained in the house, the same did not become vacant or unoccupied within the meaning of the terms of the policy, and that the court was, therefore, right in entering judgment in favor of the plaintiff. We are inclined to take the view that the respondent is right in his contention, and that, under the evidence, the house did not become "vacant or unoccupied," and so remain for 10 days prior to the fire. It is quite clear that the house was not "vacant" for a period of 10 days prior to the fire, as there was some furniture belonging to the tenant still remaining in the house. In Woodruff v. Imperial Fire Ins. Co., 83 N. Y. 133, the learned Court of Appeals of that state, in discussing a similar question, says: "A vacant house is literally an empty house. This house was not shown to be empty. There were some things actually seen in it," etc. It seems equally clear that the house was not "unoccupied" for 10 days previous to the fire as the husband of the tenant, Mr. Filber, and his hired man, slept in the house up to within 5 or 6 days of the fire. So long as a part of the furniture remained in the house and the same was occupied nights by the husband of the tenant and his hired man, and he

had his live stock on the premises, it cannot properly be said that it was vacant or unoccupied.

The authorities upon the question of what constitutes vacancy or nonoccupancy within the meaning of the clause in the policy are numerous, and the circumstances involved in each case are so different it is difficult to extract from these authorities any general rule upon the subject. As before stated, it is quite clear the premises were not vacant within the meaning of that term as used in the policy, as we have seen in the case at bar a part of the furniture of the tenant was still in the house up to within five or six days of the fire. It seems equally clear that the house was not unoccupied within the meaning of the policy as it was in fact occupied by the husband of the tenant and his hired man up to within five or six days of the fire. In Thieme v. Niagara Fire Ins. Co., 100 App. Div. 278, 91 N. Y. Supp. 499, the Supreme Court, Appellate Divisions, First Department, of the state of New York, held in an analogous case as appears by the headnote that: "Where plaintiff's husband who lived in another house on the same lot, placed a bed in the insured house after the tenant vacated, and slept there five nights each week, carrying on his business on the premises during the day, the house was not vacant and unoccupied for ten days within the forfeiture clause of the insurance policy." In the opinion the court in construing the forfeiture clause which is similar to that in the case at bar says: "The policy of insurance is the standard policy, and the question is whether at the time of the fire the premises were vacant or unoccupied within the meaning of the terms of the policy. To forfeit the policy, it was required that the premises should be or become vacant or unoccupied, and so remain for 10 days. The fact that the plaintiff's husband did not sleep in the house on the night of the fire would not avoid the policy, unless the house was vacant or unoccupied, notwithstanding the fact that he was in the habit of sleeping there at least five nights a week during the period that the premises were unrented. The reasonable meaning to be given to this provision seems to me to be that a house does not become vacant or unoccupied so long as there are persons living in the house for some portion of each day. The

plaintiff and her family lived in an adjoining house, and the premises in question had been rented and occupied by the tenant. When the tenant moved away, the plaintiff's husband moved into the house. He was about the premises all day, attending to his business, which was carried on there, and at night he generally slept in the house that was destroyed. This, it seems to me, was an occupation of the house within the meaning of this provision of the policy. If the plaintiff had hired a man to look out for the house and occupy it until it was rented, the mere fact that occasionally he slept away from the house would not have made it a vacant or unoccupied house which remained vacant and unoccupied for 10 days."

The court was clearly right, therefore, in holding that upon the undisputed evidence in the case the conditions in the policy relied on by the defendant were not violated, and that the plaintiff was therefore entitled to judgment. As bearing upon this question, though not directly in point, see Shackelton v. Sun Fire Office, 55 Mich. 288, 21 N. W. 343, 54 Am. Rep. 379; Home Fire Ins. Co. v. Peyson, 54 Neb. 495; 74 N. W. 960; Moody v. Insurance Co., 52 Ohio St. 12, 38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699, and note; Imperial Fire Ins. Co. v. Kiernan, 83 Ky. 468; Halpin v. Ins. Co., 120 N. Y. 73, 23 N. E. 989, 8 L. R. A. 79; Continental Ins. Co. v. Kyle, 124 Ind. 132, 24 N. E. 727, 9 L. R. A. 81, 19 Am. St. Rep. 77, and note; Limburg v. German Fire Ins. Co., 90 Iowa, 709, 57 N. W. 626, 23 L. R. A. 99, 48 Am. St. Rep. 468.

The judgment of the court below and order denying a new trial are affirmed.