SNYDER v. THE FIREMAN'S FUND INSURANCE COMPANY.

**Fire Insurance:** BREACH OF CONDITION AGAINST VACATION OF PREMISES: WHAT IS VACATION OF DWELLING HOUSE. Plaintiff held the defendant's policy of fire insurance on a dwelling house occupied by a tenant. The policy contained this provision: "No liability shall exist under this policy for loss on any vacant or unoccupied building, unless consent for such vacancy or unoccupancy be hereon endorsed." The house was burned. Prior to the fire plaintiff had agreed to exchange the house with P. for another house; and, at plaintiff's request, the tenant moved from the insured house to the one for which it was exchanged, taking all his household goods, except a few insignificant if not worthless articles. The family left the house in the evening, not intending to return, and it was destroyed about twelve or one o'clock that night. A day or two before the fire P. had procured a force of carpenters who had begun to make extensive repairs on the house, such as would preclude its occupancy for a time. *Held—*

    (1) That the house was vacant and unoccupied within the meaning of the quoted clause in the policy, and that no recovery could be had for the loss.

    (2) That a proper construction of said clause does not limit it to vacancy existing at the date of the policy; but its effect is to defeat a recovery if the premises are vacant at the time of loss.

*Appeal from Henry District Court.* — HON. H. C. TRAVERSE, Judge.

FILED, JUNE 5, 1889.

THIS is an action upon a policy of insurance against loss by fire. The property insured was a dwelling house which was destroyed by fire on the night of September 13, 1886. When the evidence had all been introduced,

the defendant moved the court to direct the jury to return a verdict against the plaintiff. The motion was sustained, and plaintiff appeals.

*Woolson & Babb*, for appellant

*R. W. Barger*, for appellee.

ROTHROCK, J.—I. The property insured was a dwelling house which, for some time before it was destroyed, was occupied by one Stearns as a tenant of the plaintiff. Prior to the fire the plaintiff had agreed to exchange the house with one Mrs. Porter for another dwelling house; and, at plaintiff's request, Stearns agreed to move out of the house which was insured, and into the house for which it was exchanged. In pursuance of the arrangement Stearns moved his household goods and family from the building. The family left the house in the evening, not intending to return to occupy the house, and the fire by which it was destroyed was discovered at about twelve or one o'clock that night. The agreement for an exchange of property with Mrs. Porter had been concluded, and a day or two before the fire she had procured a force of carpenters to commence extensive repairs upon the house. The policy contained this provision: "No liability shall exist under this policy for loss on any vacant or unoccupied building, unless consent for such vacancy or unoccupancy be hereon endorsed." One ground of the motion to direct a verdict was that the building was vacant and unoccupied at the time it was burned. There were other grounds for the motion, but we think they need not be specially noticed, as in our opinion there is no escape from the conclusion that the building was vacant and unoccupied when it was destroyed. We cannot better express our views upon the question than to quote from the decision of the motion by the learned district judge who tried the case: "The house in controversy was a dwelling house; and, ordinarily, a dwelling house can only be occupied by some one living in it, and having it as a home,—a place of residence,

but each case must stand on its own peculiar facts and circumstances. The rule that, in order to constitute occupancy of a dwelling house, some one must live in it does not, of course, preclude the occupant from visiting or being temporarily absent; nor would such a rule preclude a tenant from moving out and some one else moving in, giving a reasonable time for the one to get out and the other to get in; but, in the case at bar, the tenant had moved his family out; he had moved his bed and bedding, his stoves, his furniture, and he had moved everything but some trumpery,—a box or barrel, a cross-cut saw, a pair of skates, or something of that kind. The tenant had gone away, and it affirmatively appears that he did not expect to return to the house for the purpose of living there. Never more was it to constitute his home. There is no evidence to show that the plaintiff expected to put a tenant in it; there is no evidence to show that the plaintiff expected to occupy it; there is no evidence to show that any one expected to occupy it in the future, unless, indeed, it might be inferred that Mrs. Porter intended to occupy it; but, if she did, she intended to occupy it, not as a tenant of the plaintiff, but as a vendee. The plaintiff knew that the dwelling house in question was to become vacant or unoccupied; he had previously requested the tenant to move out. Under these circumstances I am of the opinion that the house was vacant or unoccupied, especially when we remember that no one was expected to move into it, and the tenant had moved out, as I have suggested, and it ceased to be his home. The testimony shows affirmatively that he never expected to reside therein with his family. His family was gone and he was gone. Now, can it be said that the trumpery that he left there constitutes occupancy, when we remember that no one was to move in and take his place? The tenant had not only moved out with his family and never expected more to return, but he had not retained the key to the house. He had left the key in the door, or left it at the house,—I presume, in order that the carpenters, who were at work there under the directions

of Mrs. Porter, might have free access to the house. In
my judgment the house was abandoned, and was vacant
or unoccupied; and the fact that it was only vacant or
unoccupied a short time before the fire cuts no figure,
because no one else was to move in. On the second
point, as to whether there had been a change of posses-
sion of the premises at the time the fire occurred, that
may admit of more question. Still, Mrs. Porter,
through her carpenters, had taken possession of the
building, if any one was in possession. They were
placed there to repair the house, and had torn out the
gable end,—one gable end and part of the roof,—and
had commenced to erect studding for a second story; and
Mrs. Porter was acting, not as a tenant of the plaintiff,
and not as his agent, but acting for herself, and under
the supposition that she was or would be vendee. Upon
the whole, I think the motion should be sustained, and
the jury are instructed to return a verdict for defendant."

The facts are fairly and quite fully stated in the
foregoing decision, and they are not only fully sup-
ported by the evidence, but they are without contra-
diction. But little further is required to be said in
support of the decision of the district court. Counsel
have argued the question at great length and cited many
authorities. This may always be done on almost any
question arising in a fire insurance case. For some
reason it is a branch of the law upon which many
inharmonious decisions have been made by courts of
last resort. The one fatal defect in the plaintiff's case
is that the continuity of the occupancy was completely
broken. It was not the case of one family moving out
and another moving in, as in *Eddy v. Insurance Co.*,
70 Iowa, 472. Stearns, the tenant, had ceased to have
any dominion over the property, and no person had
taken possession in view of occupancy. The case is
more like *Dennison v. Insurance Co.*, 52 Iowa, 457;
*Fehse v. Insurance Co.*, 74 Iowa, 676, and other cases
determined by this court. In *Dennison's case*, it was
said that "the question as to whether the building was
unoccupied for a reasonable or unreasonable length of

time is wholly immaterial. The time is only material in determining whether the building is in fact vacant or unoccupied within the meaning of the contract." In the case at bar the house was not only vacant, but it was dismantled and undergoing extensive repairs, which conclusively shows that it was unfit for occupancy, and that it was intended, for a time at least, it should be in the possession of a force of carpenters for repairs.

II. It is claimed by counsel for appellant that, under the vacancy clause in this policy, there is no liability of the insurer upon buildings which are vacant and unoccupied at the date of the policy, but that the liability may exist if they become vacant or unoccupied after the policy is issued. We do not think the clause under consideration ought to be so construed. The only fair construction is that there shall be no liability if the loss occurs at a time when the building is vacant or unoccupied.      AFFIRMED.