W. E. McMurray, Appellee, v. Capital Insurance Company, Appellant.

87 453
90 715
87 453
97 624
87 453
113 346

1. **Fire Insurance**: WARRANTY OF OWNERSHIP: WAIVER. A policy of fire insurance contained a warranty that the insured was the unconditional owner of the property, when in fact he only had a contract for a deed; but the company's recording agents issued the policy with full knowledge of the facts, which they made known to the company in their daily report, and the company accepted the premium, and allowed the policy to stand. *Held*, that the company could not avoid liability on account of the warranty.

2. ————: VACANCY OF PREMISES: EVIDENCE. A policy of fire insurance upon a dwelling house provided, that the house should "not become vacant or unoccupied, or so remain for more than five consecutive days." At the time it was destroyed by fire the owner had been absent for several months on business, and his wife and children had been visiting for eight days in a neighboring county. During her absence the premises were left in the care of relatives, who visited them as occasion required. The household goods were left in the house, and there was no intention to abandon it as a home. *Held*, that the house was not vacant or unoccupied within the meaning of the policy.

3. **Appeal**: QUESTIONS NOT REVIEWED. Errors not assigned, or not assigned with the exactness required by section 3207 of the Code, and errors not discussed, though properly assigned, will not be considered on appeal.

*Appeal from Kossuth District Court.*—Hon. George H. Carr, Judge.

Tuesday, January 31, 1893.

Action on a policy of fire insurance. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*George E. Clarke,* for appellee.

Robinson, C. J.—In February, 1889, the defendant issued to the plaintiff a policy insuring him against

loss or damage by fire to the amount of five hundred dollars on his dwelling house, situated in Algona, and three hundred dollars on his furniture and other household property contained in the house. In August, 1890, during the term covered by the policy, the house and most of the personal property were destroyed by fire. The plaintiff demands judgment on account thereof for eight hundred dollars and interest. The defendant denies liability for the loss on the alleged ground that conditions of the policy were violated by the plaintiff. The verdict was for the sum of eight hundred dollars, and judgment was rendered for that amount and costs.

I. The policy contained a warranty on the part of the assured that he was the sole and unconditional

1. Fire insurance: warranty of ownership: waiver.

owner of the property covered by the policy, and provided that any breach of the warranties therein contained should render the policy void. The plaintiff was not the unconditional owner of the real estate, but held therefor only a contract for a deed. The contract of insurance was made on the part of the defendant by its recording agents at Algona, Hoxie & Reaver, and they issued the policy. When the contract was made the plaintiff fully informed Mr. Hoxie, one of the agents, of the character of his title; and it was fully understood by the agents, and their daily report to the defendant showed the facts in regard to it. Yet, with knowledge of such facts, the agents issued the policy in its present form, and the defendant accepted the premium, and permitted the policy to stand. The failure of the policy to state correctly the title of the plaintiff was due wholly to the fault of the defendant, and it will not be permitted to escape liability on account of it. See *Jamison v. State Insurance Co.*, 85 Iowa, 229, and the cases therein cited.

II. The policy also provided that the insured premises "shall not become vacant or unoccupied, or

2. ——: vacancy of premises: evidence.  so remain for more than five consecutive days." The house was the place of residence of the plaintiff and his family. At the time of the fire he had been in Clear Lake for several months, and his wife and children were visiting her parents in Humboldt county, where she had been about eight days. When she went away she left the key of the house with a sister, and instructed her to take care of the house, and have her sons take care of a cow and other things about the place. The household goods were left in the house. During the absence of Mrs. McMurray, by her direction, a nephew visited the place daily to milk the cow, and take care of the garden. He was in the house three times, about five minutes each time. A day or two before the fire the sister opened the house, swept and dusted, and prepared the beds for use. The absence of the family of the plaintiff was for temporary purposes only. He was working at his trade. His wife had fixed no definite time for her return, but was staying away only to finish her visit, which was not intended to be long. There was no intent to abandon the house as a home.

The appellant contends that as the family had been away from the house more than five days, during which time no one had occupied it, the house was vacant and unoccupied, within the meaning of the policy, for more than five consecutive days. The policy should be so construed as to carry into effect the intention of the parties if practicable. It will be presumed that the policy was not designed to impose any unreasonable condition or restriction. If a dwelling house is habitually occupied by human beings as a place of residence, it does not become vacant and unoccupied, within the ordinary meaning of those terms, when the occupants are temporarily absent.

In *Dennison v. Phœnix Insurance Co.*, 52 Iowa, 457, it was said, in effect, that if the occupant of an

insured house should close it for a visit, and not occupy it, but be absent from it not more than a reasonable time, it would not be vacant, within the meaning of a clause of the policy which provided that if it should become vacant or unoccupied, and so remain, without notice to and consent of the company, in writing, then the policy should be void. The facts in that case, however, were that a tenant of the insured house had left it, and that it remained vacant seventeen days, awaiting another occupant. It was held that the house was vacant and unoccupied, within the meaning of the policy. In *Snyder v. Fireman's Fund Insurance Co.*, 78 Iowa, 146, it was held, where the insured house was vacated by a tenant, and possession of it had been taken for the purpose of making repairs, but no one resided in it, and it was not shown that any one expected to reside in it, that the house was vacant and unoccupied. Stress was laid on the fact that the continuity of the occupancy was broken. The tenant had ceased to have dominion over the property, and no person had taken possession with the purpose of occupying it. In *Eddy v. Hawkeye Insurance Co.*, 70 Iowa, 472, it was held that where the tenant of an insured house had removed therefrom on Tuesday, and on the next morning the owner took possession of the house, to clean it and prepare it for his own use as a home, and on the next Friday, after some of his household goods were placed in the house, but before he had personally occupied it as a place of residence, it was destroyed by fire, the house was not vacant and unoccupied. In this case the plaintiff had never abandoned his control of the house. It was his home and was occupied by the various articles of necessity and luxury which he had accumulated for the purpose of making his home comfortable and attractive. His family were away from it for a few days, but left persons in actual control, to keep it in suitable condition for continued

occupancy. We are of the opinion that the house was neither vacant nor unoccupied, within the meaning of the policy. Our conclusion has support in the following authorities: *Shackelton v. Sun Fire Office*, 55 Mich. 288; 21 N. W. Rep. 343; *Stupetski v. Transatlantic Fire Insurance Co.*, 43 Mich. 373; 5 N. W. Rep. 401; *Cummins v. Agricultural Insurance Co.*, 67 N. Y. 260; *Whitney v. Black River Insurance Co.*, 72 N. Y. 118.

It is said that the words, "or so remain for more than five consecutive days," following the words, "the premises shall not become vacant or unoccupied," distinguish this case from those cited. But they do not in any sense define the words "vacate" and "unoccupied," as used in the policy, which must, therefore, be given the meaning which usually attaches to them. If the house was never vacant or unoccupied, the limitation of five days can have no effect.

III. The court charged the jury that "the amount stated in the policy is *prima facie* or presumptive evidence of the insurable value of the prop-
<span style="font-size:smaller">3. Appeal: questions not reviewed.</span> erty at the date of the policy, but this presumption may be overcome by evidence showing the actual value at the date of the policy, or any depreciation thereof before the loss occurred." The appellant claims, under the authority of *Joy v. Security Fire Insurance Co.*, 83 Iowa, 12, that the charge was erroneous, so far as it applied to the personal property in controversy. The appellee does not answer the claim, but an inspection of the record shows that, although objection was made to the giving of the paragraph of the charge quoted, no question in regard to it is presented by the assignment of errors.

It is said, in this connection, that the court should have sustained the first and second grounds of the motion for a new trial, which were as follows: *First.* There is error in the assessment of the recovery, in that the same is too large. *Second.* Because the ver-

dict is not sustained by sufficient evidence, and is contrary to law."

The assignments of error which may be held to refer to those grounds of the motion are as follows: "*Eighteenth.* The court erred in overruling the defendant's motion for a new trial, on each and every one of the grounds stated in the said motion. *Nineteenth.* The court erred in not sustaining defendant's motion for a new trial upon the second, third, fourth and fifth grounds stated in said motion." The motion for a new trial is based upon six different grounds, and each of the four specified in the nineteenth assignment is separate and distinct from the others. The assignments of error are wholly insufficient to present the objection made by the appellant. Code, section 3207; *Smola v. McCaffrey*, 83 Iowa, 760; *Albrosky v. Iowa City*, 76 Iowa, 301; *Duncombe v. Powers*, 75 Iowa, 187. But, if this were not so, we would not consider the question which they are claimed to present, for the reason that it is not discussed. All we find in the appellant's argument on this branch of the case is a mere statement of its case, and a citation of one authority, contained in eight printed lines.

We find no ground for disturbing the judgment of the district court. It is, therefore, affirmed.