### ESTHER HILL v. THE OHIO INSURANCE COMPANY.

*Fire insurance—Conditions of policy—Vacancy.*

A dwelling-house, occupied by the assured when the policy was written, does not become vacant or unoccupied, within the meaning of a clause voiding the policy if the building "be or become vacant or unoccupied, and so remain for 10 days," by reason of the temporary absence of the assured in a neighboring city, without any intention on her part of giving up her home or residence, she leaving all of her household goods in the house, as also a quantity of provisions, and a horse in the barn, and engaging a neighbor and his wife to care for the house and horse during her absence, which they do for about two months, and up to the time of the fire.[1]

---

[1] For cases bearing upon the construction of the vacancy clause in insurance policies, see:

1. *Insurance Co. v. Kranich*, 36 Mich. 289, holding that a provision voiding a policy if at any time during its continuance the insured property *shall become* vacant has no application to a building which was vacant when the policy was issued, to the knowledge of the company; and that the company is liable, though the building was afterwards occupied for a time, but was vacant when burned, in the absence of a provision in the policy requiring the assured to *have and keep* it occupied.

2. *Stupetski v. Insurance Co.*, 43 Mich. 373, holding that a clause voiding a policy in case the house shall become vacant or unoccupied is not made operative by the absence of the assured and his family for 12 days in response to a telegram notifying him of the dangerous illness of a daughter who resides in a neighboring city, the house being visited daily during such absence by a son, pursuant to the direction of the assured.

3. *Hopkins Manufacturing Co. v. Insurance Co.*, 48 Mich. 148, 150, holding that, where an insurance policy is subject to forfeiture if the assured allows the building to become vacant and unoccupied for more than 30 days, there must be proof of a *continuous* vacancy for more than the period named in order to work a forfeiture of the policy.

4. *Becker v. Insurance Co.*, 48 Mich. 610, holding:

a—That the act of leaving property vacant is not such a change of risk as will, without express agreement, void the policy; citing *Insurance Co. v. Hannawold*, 37 Mich. 103.

b—That a by-law adopted by a mutual fire insurance company, making policies cease on 20 days' vacancy of the building insured, cannot affect an existing policy containing no clause suspending or destroying it if the premises should become vacant.

5. *Shackelton v. Sun Fire Office*, 55 Mich. 288, holding that where upon the surrender by a tenant of the leased premises,

Error to Allegan. (Padgham, J.) Submitted on briefs February 9, 1894. Decided March 27, 1894.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Hannibal Hart,* for appellant.

*Williams, Williams & Butler,* for defendant.

which were insured, the owner took possession of the house for permanent occupancy, and moved in her household furniture and other goods, but slept and ate at her father's, near by, while cleaning the house preparatory to its full occupancy, and, after taking her husband, who was ill, to a dispensary in another state for treatment, returned and remained at her father's, as before, for five or six days, and had work done in the garden attached to the house, after which, and during her temporary absence on business, the house was burned while in charge of a party who had an interest in the premises, and in whose care the assured had left them, the policy was not rendered void under a condition voiding it if the insured building should become vacant or unoccupied, unless by the consent of the company indorsed on the policy.

6. *Bonenfant v. Insurance Co.,* 76 Mich. 653, holding that "occupancy" implies the actual use of a house as a dwelling place; that the insurer has a right to the care and supervision involved in such occupancy, under a policy forfeitable if the building shall be or become vacant or unoccupied without the consent of the company; and that leaving some one to look after the property when vacated by the assured will not prevent such forfeiture; and see *Marsh v. Bristol,* 65 Mich. 379, on the question of occupancy for dwelling-house purposes. ·

7. *Fritz v. Insurance Co.,* 78 Mich. 565, holding that where at the time of insuring a farm barn it was occupied by a tenant, who lived on another farm, and used the barn for the storage of produce until sold, of which facts the agent of the company had notice,—the application being a verbal one, and the policy being silent as to occupancy,—the cessation of such occupancy by the tenant, after which an agent of the owner of the barn went to the premises frequently to see that the doors were fastened, etc., will not void the policy upon the ground that when it was issued the premises were occupied in the usual manner by a tenant, and that they became vacant and unoccupied, within the meaning of the policy, on the cessation of such occupancy.

8. *Richards v. Insurance Co.,* 83 Mich. 508, holding that a dwelling-house from which a tenant had removed with no intention of returning, although he had left some goods in the house, which he did not need at the time for the purpose of housekeeping, and which remained so unoccupied for two days, when it was destroyed by fire, was vacant, within the rule laid down in. *Bonenfant v. Insurance Co.,* 76 Mich. 653, which question of vacancy, upon the facts stated, was one of law for the court.

McGRATH, C. J. This is an action on a fire insurance policy. The defense was that the house was "vacant or unoccupied" at the time of the fire, and had been for more than 10 days. The policy provided that it should be void if the building "be or become vacant or unoccupied, and so remain for 10 days."

The plaintiff, a widow, was living alone in the house, and continued to remain there until the evening of June 18, 1892. She then went to Grand Rapids, 30 miles distant, to take charge of a house belonging to one Bateman, and to take care of his children. She states that she went there for no definite length of time, and without intending to abandon her home; that she returned to the house July 5, 1892, and remained there until July 26, 1892, when she returned to Grand Rapids, and remained there until the time of the fire, September 20, 1892; that, when she went the second time to Grand Rapids, she did not intend to give up her home or residence, and did not intend to remain longer than the last of November, in any event, and that she was not engaged for any particular period; that she took with her, to Grand Rapids, her necessary wearing apparel only, leaving in the house the rest of her wearing apparel, all her household goods and furniture, and a quantity of provisions, and left in the barn upon the premises a horse which she owned; that she engaged a neighbor and his wife to visit the house from day to day, take care of the horse, and look after the things in the house generally, leaving the keys with them. It appears that during plaintiff's absence the said neighbor so engaged did visit the house daily, and, by plaintiff's orders, fruit was put up, and placed in the cellar of the house.

We think the case is ruled by *Stupetski v. Insurance Co.*, 43 Mich. 373. The case of *Cummins v. Insurance*

*Co.,* 67 N. Y. 260, cited by Mr. Justice CAMPBELL, is strikingly similar to the present case.

The court erred in instructing the jury that the policy had been invalidated, and the judgment is reversed. Inasmuch as other questions are involved, a new trial is ordered.

The other Justices concurred.          •