HOME FIRE INSURANCE COMPANY v. JOHN N. PEYSON.

FILED APRIL 8, 1898. No. 7952.

1. Insurance: WAIVER OF CONDITION: FINDING OF JURY. Where, in an action on a policy of fire insurance, the jury find that certain facts are established by the evidence, it then becomes a question of law for the court to decide whether or not the facts so established warrant a conclusion that a condition of the policy was not violated.

2. ———: OCCUPANCY. The term "unoccupied," as used in a policy of fire insurance, should be given a fair and reasonable construction, such as was contemplated by the parties when the contract was made.

3. ———: ———. Evidence examined, and *held* sufficient to sustain the finding of the jury that the insured property, being a dwelling-house, was not vacant or unoccupied at the time it was destroyed by fire, and that the condition of the policy against unoccupancy had not been violated.

ERROR from the district court of Dakota county. Tried below before NORRIS, J. *Affirmed.*

*Jacob Fawcett, Byron G. Burbank,* and *William P. Warner,* for plaintiff in error.

*Daley & Jay* and *Jay & Welty, contra.*

SULLIVAN, J.

On February 26, 1892, the Home Fire Insurance Company issued to John M. Peyson a policy of fire insurance covering his dwelling-house and the household furniture therein contained. On the morning of June 27, 1894, the property was wholly destroyed by fire. The defendant refused to adjust the loss and Peyson commenced this action against it in the district court for Dakota county. A trial resulted in a verdict and judgment for the plaintiff, and the defendant brings the record to this court for review.

The company defended the action on the theory that the plaintiff had violated the following condition of the policy: "If the above mentioned buildings be or become vacant or unoccupied and so remain for more than ten days without consent indorsed hereon, then, in each and every one of the above cases, this entire policy shall be null and void." It is now strenuously insisted that the non-occupancy of the premises at the time of the fire and for six or eight months prior thereto was conclusively proven and that the trial court should have peremptorily directed a verdict in favor of the defendant. The evidence is voluminous and conflicting. We cannot present it here nor discuss it at length. It either establishes, or tends to prove the following facts: That the insured building was situated in Covington, in this state, just across the river from Sioux City, Iowa, and was the home of Peyson, who occupied it continuously with his wife from the time it was insured until October, 1893, when they both went temporarily to Sioux City to enable Mrs. Peyson to receive medical treatment from a physician of that place; that they did not again regularly occupy the insured premises, but that the plaintiff, who was engaged in business both in Sioux City and Covington, went there frequently and slept there about half the time; that he

was never away from the house more than three days at one time except when he went to Chicago or Waterloo on business; that after June 1, he slept in the house almost every day or every night; that between October, 1893, and June, 1894, plaintiff and his wife visited their home together on numerous occasions, cooked meals there, and on May 16 cleaned the house and spent the night there; that during a part of the time the Peysons were at Sioux City they had a rented room and did light housekeeping, removing for that purpose a small portion of their household furniture from Covington; that the plaintiff had no intention of abandoning the premises as his home; that it was always furnished and ready for use; that he held an office in Covington and received his mail there from two to four times a week; that Mrs. Peyson was sick and receiving medical treatment most of the time while in Sioux City; that on June 11 they gave up the room occupied by them at that place and Mrs. Peyson went to visit her folks; that during all the time in question Mr. Hall, a neighbor, had a key to the house and exercised some supervision over it. Now the jury were justified in finding, and we may assume they did find, that these facts were established by the evidence. Being so established, did they warrant the conclusion reached that the condition of the policy above quoted had not been violated? That is a question of law to be decided by the court. The term "unoccupied," as used in the policy, should be given a fair and reasonable construction. It should be given the meaning contemplated by the parties when the contract was made. While it was undoubtedly intended that the dwelling-house insured should be occupied as the customary and habitual place of abode for the plaintiff and his family, it was not expected that there would be continuous actual occupancy. A policy of fire insurance on a dwelling-house should not be construed as an instrument restraining in any manner the assured's ordinary freedom of action. In contracting for indemnity he does not consent to become

36

a captive in his own home. In the case of *Springfield Fire & Marine Ins. Co. v. McLimans*, 28 Neb. 846, it is said: "A party by effecting insurance upon his dwelling does not thereby impliedly agree that he will remain on guard to watch for the possible outbreak of a fire. He insures his property as a precaution against possible loss. If he is indebted, his duty to his creditors requires this; and if not in debt, his duty to his family may induce him to procure the insurance. He is not to become a prisoner on the property, however, nor to be charged with laches when, in the pursuit of his business, health, or pleasure, he temporarily leaves the property which still remains his home. The necessity of most persons for temporary absence on business or family convenience is known to every one and must have been in the contemplation of the insurer when the policy was issued. A policy of insurance is to be so construed, if possible, as to carry into effect the purpose for which the premium was paid and it was issued." In the case of *Hill v. Ohio Ins. Co.*, 99 Mich. 466, 58 N. W. Rep. 359, it was held that a dwelling-house was not unoccupied although the owner had been absent on business nearly two months at the time of the fire and had left home expecting to remain away about four months. In the case at bar there was very clearly no intention on the part of the Peysons to remove from Covington or to abandon the insured premises as their home. The absence of the family at Sioux City was temporary and not unreasonably extended; and we feel constrained to hold that the jury, on the evidence, were warranted in finding that the insured premises did not become unoccupied within the meaning of the policy. The judgment of the district court is

AFFIRMED.