WESTCHESTER FIRE INS. CO. v. REDDITT. (No. 206.)

(Court of Civil Appeals of Texas. Beaumont. June 1, 1917. Rehearing Denied June 20, 1917.)

INSURANCE ⬅323(4)—FIRE INSURANCE—BREACH OF CONDITIONS.

Condition in fire policy avoiding liability if premises were vacant or unoccupied was not violated by mere temporary absence with animus revertendi, caused by business and sickness, though continuing several months, where the premises were cared for daily by a neighbor and kept locked.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 770, 771.]

Error from District Court, Shelby County; W. C. Buford, Judge.

Action by W. M. Redditt against the Westchester Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error. Davis & Davis, of Center, for defendant in error.

BROOKE, J. By his amended petition, the plaintiff alleged: That on October 12, 1915, he was the owner of a certain dwelling, and personal property situated in Center, Shelby county, Tex.. On that date, the defendant issued to him its policy of insurance in the sum of $3,000, covering $2,000 upon the dwelling house, and $1,000 upon the household furniture, which said policy went into effect at noon on October 12, 1915, for the term of one year. That on February 22, 1916, while the policy was in force, the house and all the furniture was destroyed by fire, the furniture being attached to the petition and marked "Exhibit B." That, at the time of the issuance of the policy and at the time of the fire, all of this property was the property of the plaintiff, and the house was of the value of $2,000 and more, and that the personal property was of the value of $1,000 and more, and all of the property was of the aggregate value of $3,000 or more. That the plaintiff performed all of the provisions of the policy, and, more than 60 days before the commencement of the suit, gave due notice and proofs of loss to the defendant, so that the defendant became bound to pay him the sum of $3,000 which it failed to do. Exhibit B is a list of properties, with values,

attached to the petition. Plaintiff further alleged, in reply to the defenses of the defendant, that there was no other insurance upon the property, and admitted that the policy sued on contained the provision making the same void, if the building therein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for 10 days, but that the provision of the policy was technical and immaterial, and that the violation of it did not constitute any defense, unless said violation or breach contributed to bring about the destruction of the property. Plaintiff denied that the property was vacant at the time of the destruction of the same, nor had been for 10 days, and alleged that the plaintiff and his family were only temporarily absent from home, and that the property never at any time became vacant, as contemplated by the policy, and that the temporary absence of plaintiff did not contribute to bring about the destruction of the property by fire. That, during the absence of the plaintiff and his family from the insured premises, the same was in charge of a caretaker, who regularly visited and looked after said premises, and that the loss was in no way contributed to by the plaintiff's temporary absence.

Defendant answered by general demurrer, special exceptions, general denial, and set up descriptive portion of the policy, so far as building was concerned, and alleged that the clause of the policy making the same void, if a building therein described, whether intended for occupancy by owner or tenant, either became vacant or unoccupied and so remained for 10 days, and alleged that such building became vacant and unoccupied and so remained for a period of 10 days, and by reason of that fact the policy became null and void and of no force and effect, and that on account of such vacancy the portion of the policy covering household goods and other personal property also became null and void, and of no force and effect. That, at the time of the fire, the building described in said policy was not occupied by owner as a dwelling, and was not occupied at all, and, as the policy insured only such building while the same was occupied by the owner as a dwelling, that the portion of the policy was not in force and effect, and that, by reason of the fact, the plaintiff is not entitled to recover under the policy for any damage to the building by fire. Defendant alleged further that the provisions of the policy are prescribed by the state of Texas, and are the only forms that it can write, and that each of said provisions is material and nontechnical and the inducing causes of the issuance of the policy, and the failure of plaintiff to comply with the provisions was material to the risk and contributed to the loss, and defendant prays that plaintiff take nothing by his suit, and that the defendant have a judgment.

By supplemental petition, the plaintiff alleged, among other things: That the provision in paragraph 6 of the defendant's answer was not breached by him, but that every condition of the policy was kept and performed by him, and that he never at any time permitted his house to become vacant or unoccupied. That his absence was not intended to be permanent, but that he was only temporarily absent on business, and that during this time the house was daily visited by a neighbor, who lived within 50 yards of it, in whose care the house had been left, and who had the keys to it. That the building was not vacant or unoccupied for 10 days, but that, on the contrary, such building was at all times within the meaning of the policy occupied, and that all of the household furniture was situated in it, and that he was temporarily absent on business at the time of the fire. That when he left home he expected to be absent only a few days, and expected to be able to return within a short time. That his absence was not intended to be permanent. The neighbor during the temporary absence of plaintiff visited the premises daily and looked after the same and the property contained in it, and opened the doors and windows and aired the contents when necessary, and fed the chickens, and duly closed the doors and windows in the building at night. That the building and property was looked after and cared for in every respect as well as though the plaintiff had been personally there. That the insured building was at all times occupied by the plaintiff as his residence, and it was never at any time vacant or unoccupied. That his temporary absence was not a breach of the provision of the policy, and that the defense attempted to be urged to the payment of the policy is immaterial and technical in character, and that the alleged breach of the terms of the policy in no manner affected the risk and in no way contributed to the loss of the insured premises by fire. That plaintiff's temporary absence from the premises was such absence as was in contemplation of the parties at the time of the making of the contract with the insured and was such as was reasonably incident to the use of the premises as a residence. He said further that the policy was never invalid by any act of his and did not become null and void, but was in full force and effect at the time of the fire, and that the tender of the premium to him by the defendant was rejected.

The plaintiff in open court abandoned his claim of waiver, both parties waived a jury, and the case was tried before the court without a jury, and judgment was rendered in favor of the plaintiff and against the defendant, Westchester Fire Insurance Company, in the sum of $3,000, with 6 per cent. interest from the 19th day of July, 1916, to which the defendant excepted and gave notice of appeal.

The defendant filed its motion for new

trial, which was overruled, and defendant excepted and gave notice of appeal to the Court of Civil Appeals.

The court filed its findings of fact and conclusions of law, as follows:

"Findings of Fact.

"(1) I find: That on December 12, 1915, the plaintiff, W. M. Redditt, with his wife and children, resided in Center, Tex., in a house which was the property of plaintiff, and that on said date the defendant, Westchester Fire Insurance Company, issued a fire insurance policy No. 172411, for the sum of $3,000 upon said house and the furniture and other personal property therein contained; $1,000 of same being upon the personal property, and the balance of $2,000 being upon the house. That this policy went into effect on said date and had not been canceled on the date of the fire hereinafter mentioned.

"(2) The policy contained the following provision: 'This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days.'

"(3) I find: That the plaintiff, with his family, lived in and continuously occupied the insured premises, using the same as their home, from the date of the issuance of the policy, to the 20th day of December, 1915, on which date the entire family left the insured premises, taking with them certain clothing and personal belongings as were necessary for a temporary sojourn, and went to Louisiana, the plaintiff on business and the wife and children on a visit to the wife's parents, where they intended to spend Christmas. That it was the intention of the wife to return home immediately after Christmas, and of the plaintiff to return in a few days, or as soon as his business in Louisiana could be concluded.

"(4) I find that, upon leaving said premises for the above-mentioned purpose, the plaintiff's wife, in his presence, delivered the keys of the insured house to her nearest neighbor, Mrs. T. R. Crawford, who lived just across the street from the insured premises, and within 50 yards thereof, requesting the said Mrs. Crawford to look after the premises, feed the chickens, and gave her permission to use the telephone in said house, which the said Mrs. T. R. Crawford agreed to do.

"(5) I find that the plaintiff, W. M. Redditt, after attending to his business in Louisiana, returned to Center on December 27, 1915, after an absence of only six days, and resumed the personal occupancy of the insured premises, and continued to personally occupy and sleep at night upon the insured premises throughout the month of January, 1916, and until the 1st, 2d, or 3d of February, when he was again called to Louisiana on business and was absent from Center until after February 22, 1916.

"(6) I find that, on account of sickness in the family of her father and mother, the wife of plaintiff remained in Louisiana until after the 22d of February, 1916; that it was her intention at all times to return to Center, and to use and occupy the insured premises as her home, but that her absence for the time above stated was necessitated by sickness in the family of her mother and father, as stated, and that her said absence was merely temporary.

"(7) I find that it was not the intention of plaintiff to abandon the insured premises as his home, but that his absence was intended merely as a temporary absence, and that it was occasioned by business requiring his temporary presence in Louisiana.

"(8) I find that, during the absence of plaintiff's wife, Mrs. T. R. Crawford, who lived within 50 yards of the insured premises, daily visited the house (except on a few very cold days), opening and airing the house, airing the beds and bedding, fed the chickens, used the telephone, and on one occasion, when she observed that the rats were doing some damage to the bedding, placed the same beyond their reach, and she looked after the premises in general as well as if they had been her own, and that such care and supervision continued up to and including the day of the fire, and that on a few occasions the daughter of Mrs. Crawford practiced on the piano in the insured house.

"(9) I find that, during all of the time, from the date of the issuance of the policy up to and including the 22d day of February, 1916, the household furniture, beds, bedding, etc., glass, silverware, etc., personal property of plaintiff and family, and covered by the fire insurance policy, of the value of more than $2,000, was in the insured building, and that the said plaintiff and his family during their temporary absence from the insured premises had and carried with them only such personal effects as were necessary for their use during their temporary absence.

"(10) I find that on February 22d, in the nighttime, the insured premises caught fire and were totally destroyed, and that the personal property in said building, with some slight exceptions, was totally destroyed, and that the loss in personal property was over $2,000, and that the said fire was not the result of the act or agency of the plaintiff.

"(11) I find that the destruction of the property was not due to the temporary absence of the plaintiff from the insured premises, and that such absence did not contribute to bring about the destruction of the personal property covered by the policy of insurance.

"(12) I find that on the 4th day of April, 1916, the plaintiff made up and presented to the defendant's agent proof of loss, and demanded payment of the policy and that, same not having been paid more than 60 days thereafter, this suit was filed.

"(13) I find that the absence of the plaintiff and his family, as aforesaid, was such an absence as was naturally incident to the use of the insured premises as a dwelling, and such as was reasonably contemplated by the parties when the contract was made, upon which facts I base the following conclusions of law:

"1. I conclude that the insured premises did not become vacant or unoccupied and so remain for 10 days, and that the temporary absence of plaintiff and his family from said premises, during which time their household goods, etc., of the value of more than $2,000, remained in said house, did not make said premises vacant or unoccupied, as contemplated by the terms of the policy.

"2. I conclude that, the house being totally destroyed, the plaintiff is entitled to recover the full amount of the insurance on same, which is $2,000.

"3. I conclude that the plaintiff is entitled, as a matter of law, to recover the $1,000 for the loss of the personal property, as alleged; breach of the terms of the policy did not contribute to bring about the destruction of the property.

"4. I conclude that the temporary absence of plaintiff and his family from the insured premises was reasonably incident to the use of the same as a family residence, and did not constitute a breach of any of the terms of the policy of insurance."

Plaintiff in error duly filed its petition for writ of error, service being waived, and also filed its supersedeas bond, and now comes to this court, complaining of the errors com-

mitted in the trial of this case, as evidenced by the assignments of error.

By its first assignment, appellant complains that the court erred in rendering judgment for the plaintiff for $3,000, for the reason that the undisputed evidence shows that, after issuance of the policy sued upon, the building described in said policy became unoccupied and so remained for a longer period than 10 days, and, by reason of such nonoccupancy, said policy became void and of no force and effect.

It will be seen, from the findings above: That the court found that the plaintiff, with his family, lived in and continuously occupied the insured premises, using the same as their home, from the date of the issuance of the policy to the 20th day of December, 1915, on which date the entire family left the insured premises, taking with them certain clothing and personal belongings as were necessary for a temporary sojourn, and went to Louisiana, the plaintiff on business and the wife and children on a visit to the wife's parents, where they intended to spend Christmas. That it was the intention of the wife to return home immediately after Christmas, and of plaintiff to remain there a few days, or return as soon as his business in Louisiana could be concluded. That, upon leaving said premises for the above-mentioned purpose, the plaintiff's wife delivered the keys of the insured house to her nearest neighbor, who lived just across the street from the insured premises, requesting said neighbor to look after the premises, feed the chickens, and gave her permission to use the telephone in said house. That the plaintiff, after attending to his business in Louisiana, returned to Center on December 27, 1915, after an absence of only six days, and resumed the personal occupancy of the insured premises, and continued to occupy and sleep at night upon the insured premises throughout the month of January, 1916, and until the 1st, 2d or 3d of February, when he was again called to Louisiana on business, and was absent from Center until after February 22, 1916. The further finding by the court was that, on account of the sickness in the family of her father and mother, the wife of plaintiff remained in Louisiana until after the 22d of February, 1916; that it was her intention at all times to return to Center, and to use and occupy the insured premises as her home, but that her absence for the time above stated was necessitated by sickness in the family of her mother and father, as stated; and that her absence was only temporary. He further found that it was not the intention of plaintiff to abandon the insured premises as his home, but that his absence was intended merely as a temporary absence, and that it was occasioned by business requiring his temporary presence in Louisiana.

It is contended and urged that the policy provided that it should be void if a building therein described became vacant or unoccupied and so remained for a period of 10 days, and that the building described in the policy sued on became unoccupied and so remained for 10 full days, and that thereby the policy became void, and it was error for the court to render judgment for the plaintiff for the amount of the policy and interest.

It is urged, on the contrary, that the evidence shows that the absence of defendant in error and his family from the insured premises was only a temporary absence, during which the household furniture, beds, bedding, etc., glass, silverware, etc., personal property of plaintiff and family and covered by the fire insurance policy of the value of more than $2,000, was in the insured building, and the said plaintiff and his family during their said temporary absence from the insured premises had and carried with them only such personal effects as were necessary for their use during their temporary absence, and that such an absence was naturally incident to the use of the insured premises as a dwelling, and such as was reasonably contemplated by the parties when the contract was made, and that therefore the policy did not become void.

In the case of Phœnix Fire Ins. Co. v. Burton, 39 S. W. 319, it was held that a temporary absence from the insured building by the insured and his family, without a removal of the furniture or an intent to abandon the premises, followed by occupation before the fire, is not within a condition against allowing the property to become vacant and unoccupied. In that case it seems, and the trial court found, that from the 20th day of May, 1894, to the 27th day of July, 1894, a period of over two months, the assured nor his family nor any one else were in the dwelling house described in the policy; that on the 20th day of May, 1894, the assured, for the purpose of having his wife to try the virtues of the waters at Mineral Wells, in this state, on account of her ill health, left the premises with his wife and the other members of his family, and with them went to the city of Mineral Wells, and there remained with his wife and all the other members of his family until the said 27th day of July, 1894; that assured, before leaving with his family, requested one of his neighbors to look after his stock during his absence, and generally to overlook the premises for him during his sojourn at the Wells; that the assured left in the dwelling house all of his furniture, clothing, cooking utensils, etc., except such as he thought was necessary for the use of his family on the said trip; that when he left the assured did not know how long his visit to the Wells would be prolonged, but his intention, as disclosed by the evidence, was to return as soon as he thought his wife had made a fair trial of the virtue of the waters of the said Wells; that the said absence was not by the assured intended for a permanent abandonment of the

said dwelling house as his home, but was for the purpose, as aforesaid, of finding out whether the waters at the Mineral Wells would be of advantage to his wife in her illness; that the said assured did not obtain from the said company, or its agent, any permission, written or verbal, to leave the house with no one in it during his absence at the Wells. As authority for the holding in that case, we are cited to Insurance Co. v. Kempner, 87 Tex. 229, 27 S. W. 122, 47 Am. St. Rep. 99; Stupetski v. Insurance Co., 43 Mich. 373, 5 N. W. 401, 38 Am. Rep. 195; Moody v. Insurance Co., 52 Ohio St. 12, 38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699. In addition, also see the following authorities: Springfield Fire & Marine Ins. Co. v. McLimans, 28 Neb. 846, 45 N. W. 171; Home Fire Ins. Co. v. Peyson, 54 Neb. 495, 74 N. W. 960; Johnson v. Bowery Fire Ins. Co., 39 Hun (N. Y.) 410; Shackelton v. Sun Fire Office, 55 Mich. 288, 21 N. W. 343, 54 Am. Rep. 379; Morgan v. Ill. Ins. Co., 130 Mich. 427, 90 N. W. 40; Hill v. Ohio Ins. Co., 99 Mich. 466, 58 N. W. 359; Herrman v. Merchants' Ins. Co., 81 N. Y. 184, 37 Am. Rep. 488; Imperial Fire Ins. Co. v. Kiernan, 83 Ky. 468; McMurray v. Capital Ins. Co., 87 Iowa, 453, 54 N. W. 354; Huber v. Manchester Fire Ins. Co., 92 Hun, 223, 36 N. Y. Supp. 873.

A careful consideration of the assignment leads us to the conclusion that there is no merit in the same, and it is overruled.

By the second assignment of error, complaint is made that the court erred in rendering judgment for plaintiff in the amount of $3,000, for the reason that the undisputed evidence shows that the policy sued upon provided that it should be null and void if the building described therein became vacant or unoccupied and so remained for a period of longer than 10 days, and the undisputed evidence further shows that the building described in said policy became unoccupied after the issuance of the policy sued upon and so remained for a longer period than 10 days; that, by reason of such facts, portions of said policy covering building became void, and plaintiff was not entitled to a judgment upon that portion of the policy.

The third assignment will be considered with the above assignment, it being as follows:

"The court erred in holding that the policy sued upon was not breached by the plaintiff by reason of the building being unoccupied for a longer period of time than 10 days and the rendering judgment for the plaintiff for the full amount of said policy, when the undisputed evidence shows that part of the policy covering building was void."

Without burdening the record, we feel justified in holding, after a careful examination, that there is no merit in the assignments, and they are therefore overruled.

By the fourth assignment, the action of the court is challenged as being error in finding No. 11, which is as follows:

"I find that the destruction of the property was not due to the temporary absence of plaintiff from the insured premises, and that such absence did not contribute to bring about the destruction of the personal property covered by the policy of insurance."

It is contended that this finding is unsupported by any evidence, and without evidence to support it, in that there was nothing to show to the court why the property was destroyed, or what effect the absence of the occupants of the premises had upon the fire.

We think the finding of the court was justified from the testimony in this case actually presented, and from the necessary inferences to be deduced therefrom. The same may be said with reference to the fifth assignment. Each of said assignments therefore is overruled.

The sixth assignment, as well as the seventh, eighth, and ninth assignments, present practically the same matter as has been passed on in the first assignment. We therefore are constrained to believe, from the record before us, that the appellant's rights were carefully guarded upon the trial of this case; that the findings of the court were justified and warranted by the testimony; that the legal effect of the findings that appellant company was liable is justified. And, finding no error of sufficient magnitude to make it necessary or proper to reverse this case, it is in all things affirmed.