## Kinneer, Appellant, *v.* Southwestern Mutual Fire Association.

Argued April 6, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*A. E. Jones, Jr.,* of *Jones & Jones,* for appellant.

*W. Brown Higbee,* of *Higbee, Matthews & Lewellyn,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 25, 1936:

This was an action in assumpsit to recover on a policy of fire insurance. On May 1, 1929, appellee issued a policy of insurance to appellant under the terms of which it insured his dwelling house against fire. This policy contained a provision reading as follows: "Insured buildings becoming vacant and remaining vacant or unoccupied for over ten days, without the consent of the company duly obtained, renders the policy void."

During the month of June, 1930, the premises became vacant or unoccupied. Appellant secured from the company three sixty-day permits in succession, evidencing

the company's consent that the premises might be unoccupied for the period stated. The last of these unoccupancy permits expired January 1, 1931.

Plaintiff testified that he requested vacancy permits after January 1, 1931, but the record does not disclose their granting. In June, 1931, one Alvy Brown and family moved into the house and occupied it until November 10th. On that date Brown entered a hospital in Pittsburgh for treatment, expecting to be away only five or six days, and giving notice to the plaintiff of his absence. Household furniture and clothing remained in the house but Brown's family resided elsewhere with relatives. Brown left the hospital on November 24, 1931, that is, one day after the house was destroyed by fire. Plaintiff had no vacancy permit for the thirteen-day period of Brown's absence from November 10th until the date of the fire.

At the trial defendant denied liability, first, because no sworn proof of loss was furnished within sixty days; second, because of vacancy for more than ten days without permission, to wit: from January 1, 1931, to June 30, 1931; and third, because the premises were unoccupied for more than ten days and until the date of the fire.

At the close of trial both plaintiff and defendant filed requests for respective binding instructions. Plaintiff's was granted and a verdict returned in his favor in the sum of $1,087.50, the full amount of his claim. Defendant filed a motion for judgment n. o. v. The court in disposing of the motion characterizes as "the more serious reason" advanced by the defendant in support of its motion, the vacancy period of thirteen days between November 10, 1931, to the date of the fire. The court held that the temporary absence of the tenant, Alvy Brown, from the premises for a period of more than ten days while he was in the hospital, and during which time his wife and children were staying with relatives as not such

a condition as rendered the premises "vacant or unoccupied." The court said: "His [Brown's] intention was one of occupancy. He intended to be away only five or six days. The house to all appearances was occupied. It was occupied by these inanimate objects of the tenant. The act of the tenant and his family in personally being away and taking such few personal belongings as they did, during the absence of the father at the hospital, leaving the remainder of their household furniture and property in the premises, was not such an act on their part as would cause a cessation of the occupancy of the house as is contemplated in the policy sued upon."

An appeal was taken to the Superior Court and the latter, in an opinion by Judge RHODES, reversed the opinion of the court of common pleas. The Superior Court cites the case of *Yost v. Anchor Fire Ins. Co.,* 38 Pa. Superior Ct. 594, in which Judge ORLADY, in speaking for that court, said: "The word 'occupied' . . . as used in a fire policy, providing that it shall become void if the house becomes unoccupied, means that no one lives therein: *Herrman v. Merchants' Ins. Co.,* 81 N. Y. 184. . . . In such constructions the word is to be construed with reference to the nature and character of the building, the purpose for which it was designed, and the uses contemplated by the parties as expressed in the contract. A dwelling house being designed as the abode of mankind, is occupied when human beings habitually reside in it, and unoccupied when no one lives or dwells in it."

The Superior Court's opinion contains the following apt language: "When we apply the construction of the term 'unoccupied,' as given in the authorities cited, to the undisputed facts in this case, we inevitably come to the conclusion that the acts of the plaintiff's tenant resulted in the insured premises being unoccupied beyond a period of ten days without the written consent of the defendant. At the time of the fire no one had been living in the house for more than ten days. The furniture

remained, but the mere presence of furniture is not occupancy."

With this conclusion we agree. It is a matter of common knowledge that there is more danger of an unoccupied house being destroyed by fire than of one occupied. The reason that suggests itself is that when human beings occupy a house they are on guard against a fire hazard. When a company insures a house against fire it is entitled to have the property occupied, and therefore presumably protected by the occupants, except when the occupants are away for brief periods. The period during which this insurance company was willing to tolerate unoccupancy, unless special permit was asked for and obtained, was ten days. When the insurance company stipulated in its contract that the policy would be voided by a vacancy continuing more than ten days and unconsented to by the company, the insured could not have been in doubt as to exactly what was meant. In the present instance no permit for a vacancy of more than ten days was granted to the owner in 1931, yet no human being occupied this house for a period of thirteen days before the fire which destroyed it in November of that year.

The company, in declaring in the insurance contract that the policy would be void if the building became vacant and unoccupied and remained so for more than ten days, used language that was unequivocal. The owner of the property covered by this insurance contract could have been left in no doubt as to what these words meant. This court would not be justified in holding that the clearly expressed contractual stipulation quoted did not mean exactly what it stated. The occupancy the company demanded in the policy, except for periods not exceeding ten days, was not the occupancy of "intentions to return," left behind by a tenant, or of mere "inanimate objects."

The judgment of the Superior Court is affirmed.