[Sac. No. 5464. In Bank.—July 3, 1941.]

ELLEN FOLEY et al., Respondents, v. THE SONOMA COUNTY FARMERS' MUTUAL FIRE INSURANCE COMPANY OF SONOMA COUNTY, CALIFORNIA (a Corporation), Appellant.

Geary & Tauzer, J. N. De Meo and A. Dal Thomson for Appellant.

Rutherford, Rutherford & Rutherford and Wallace Rutherford for Respondents.

TRAYNOR, J.—Defendant appeals from a judgment of the trial court in favor of plaintiff, Ellen Foley, in an action upon a policy of fire insurance.

The defendant issued to Ellen Foley a "California Standard Form of County Fire Insurance Policy" covering a dwelling house in Sonoma County and furniture, family stores, wearing apparel and like articles within the dwelling house for the period from October 17, 1933 to October 17, 1936. The policy contains a clause that: "Unless otherwise provided by agreement indorsed hereon, or added hereto this company shall not be liable for loss or damage occurring . . . while a building herein described, whether intended for occupation by owner or tenant is vacant or unoccupied beyond the period of ten consecutive days." The present case concerns only the insurance on the furniture and other described articles since the policy, so far as it concerned the house, was assigned with the consent of the defendant to the vendees to whom plaintiffs on April 20, 1934, conveyed the real property under an agreement by which the plaintiffs were to occupy the house for a period of three and one-half years without the payment of rent.

On October 15, 1934, the plaintiffs left the premises with the intention of remaining away three or four days in order to visit a daughter in Pittsburg, California. The plaintiffs there decided to visit another daughter in Stockton, California. On the evening of October 28, 1934, while they were still at Stockton, the dwelling house and the personal property contained therein were destroyed by a fire of unknown origin.

It was stipulated that there was no notice to, or consent by, the defendant, concerning the plaintiffs' departure from the premises. At the time of the fire, the plaintiffs had been away from the premises from the fifteenth to the twenty-eighth of October, a period of thirteen days. Defendant contends that their absence during that period rendered the dwelling unoccupied and served to suspend the operation of the policy under the clause relieving the defendant of liability in the event the dwelling is vacant or unoccupied for more than ten consecutive days.

A dwelling may be unoccupied even though it is not vacant; the terms are neither synonymous nor complementary. They are used in the present clause as alternatives and not in conjunction. The term "vacant" is associated with removal of inanimate objects from a dwelling; the term "unoccupied" is associated with the abandonment of that dwelling as a customary abode by its former occupants. (See

cases collected in 43 Words and Phrases (Perm. Ed.) 344–355; 26 Corpus Juris 213; 14 R. C. L. 1103.)

In the present case the question of vacancy does not arise as there was no removal of inanimate objects from the dwelling. The occupants left their furniture and furnishings intact, thus corroborating their avowed intention of returning to them within a few days. The issue therefore turns upon the meaning of unoccupied. ■ The vacancy of a dwelling does much to strengthen the conclusion that it is unoccupied, as the presence of furnishings does much to strengthen the conclusion that it is occupied. But a dwelling that is not vacant is not necessarily occupied, and inanimate objects cannot of themselves render a dwelling occupied. It is neither the physical presence of inanimate objects alone, nor the physical presence of human occupants alone that characterizes an occupied dwelling. It is the habitual use of the inanimate objects by the human occupants that animates the dwelling and renders it occupied, that transforms four walls into a home. In such a home the human occupants move freely in and out so that their physical presence within four walls is rarely continuous.

■ Recognizing the dynamic relationship of human beings to their dwellings, courts throughout the country have held that temporary absence of the occupants does not render a dwelling unoccupied. "To constitute occupancy of a dwelling house, it is not essential that it be continuously used by a family. The family may be absent from it for health, pleasure, business or convenience, for reasonable periods, and the house will not, on that account, be considered as vacant or unoccupied." (*Moody* v. *Amazon Ins. Co.*, 52 Ohio, 12 [38 N. E. 1011, 1013, 49 Am. St. Rep. 699, 26 L. R. A. 313].) "A mere temporary absence of the occupants from the premises, there being an intention to return, will not render the building unoccupied, so as to void the policy." (*Republic Ins. Co.* v. *Watson* (Tex. Civ. App.), 70 S. W. (2d) 441, 443.) "The authorities without a single exception agree that a dwelling house will not be regarded as occupied unless it is the home or dwelling place of some person living and sleeping there habitually, not every night, but usually and ordinarily, who when temporarily absent, returns to it as a place of abode." (*Continental Ins. Co. of New York* v. *Dunning*, 249 Ky. 234 [60 S. W. (2d) 577, 579]. See also, *Snyder* v. *Fireman's*

*Fund Ins. Co.*, 78 Iowa, 146 [42 N. W. 630, 631] ; *Hill* v. *Ohio Ins. Co.*, 99 Mich. 466 [58 N. W. 359] ; *Herrmann* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162, 167 [39 Am. Rep. 644] ; *Williams* v. *Pioneer Co-op. Fire Ins. Co.*, 183 App. Div. 826 [171 N. Y. Supp. 353, 355] ; *Smith* v. *Aetna Ins. Co.* (Mo. App.), 269 S. W. 682, 685; *Home Fire Ins. Co.* v. *Peyson*, 54 Neb. 495 [74 N. W. 960] ; cf. *Kinneer* v. *Southwestern Mutual Fire Assn.*, 322 Pa. 100 [185 Atl. 194] ; *Hudson Ins. Co.* v. *Mc-Knight et al.* (Tex. Civ. App.), 58 S. W. (2d) 1088.)

It is thus generally accepted that a person's dwelling constitutes not the boundaries but the focal point of his life. He does not cease to have a home when he is temporarily absent therefrom, nor does his home cease to be an occupied dwelling.  It is not his physical presence but the habitual recurrence of that presence that renders a dwelling occupied. (See cases collected in 43 Words and Phrases (Perm. Ed.), 344–355; 26 Corpus Juris 213; 14 R. C. L. 1103; *Mauck* v. *N. W. National Ins. Co.*, 102 Cal. App. 510 [283 Pac. 338] ; *Covey* v. *National Union Fire Ins. Co.*, 31 Cal. App. 579 [161 Pac. 35].)

█ Defendant concedes that if there is no clause specifying how long a dwelling may be unoccupied the term unoccupied is not identified with the temporary absence of the occupants.  It seeks, however, to make that identification when the period of nonoccupancy is specified.  There is no more basis for such an identification in the second instance than in the first, for specifications as to the period of nonoccupancy set no limits on the periods of temporary absence.  The term unoccupied is not thereby redefined and under its customary definition it does not characterize the dwelling in question. The insurance covered a dwelling and the personal property therein provided the dwelling be not unoccupied "beyond the period of 10 consecutive days."  The introduction of this phrase can no more change the meaning of the term unoccupied than it can change the meaning of the terms dwelling or personal property.  Far from imposing a limitation on temporary absences it has the effect of continuing the operation of the policy for an additional ten days in the event the dwelling is rendered unoccupied through its abandonment as a customary abode by its former occupants.

The judgment is affirmed.

Curtis, J., Shenk, J., Carter, J., Edmonds, J., Spence, J., *pro tem.*, and Gibson, C. J., concurred.