**The MONARCH INSURANCE COMPANY OF OHIO, Plaintiff in Error,**

v.

**E. C. RIPPY and Curtis Mae Rippy, Defendants in Error.**

**No. 39346.**

Supreme Court of Oklahoma.

Jan. 9, 1962.

Rehearing Denied Feb. 27, 1962.

Application for Leave to File Second Petition for Rehearing Denied March 27, 1962.

Robert E. Shelton, John A. Johnson, of Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiff in error.

Person E. Woodall, A. H. Huggins, Norman, for defendants in error.

IRWIN, Justice.

E. C. Rippy and Curtis Mae Rippy, husband and wife, commenced this action against Monarch Insurance Company of Ohio to recover on two insurance policies. One policy covered their dwelling and the other policy covered the contents thereof, and the damages sustained were by reason of freezing and bursting water pipes. Trial was to the court without a jury and the insurance company appeals from a judgment in favor of the Rippys.

## INSURANCE COMPANY'S GROUNDS AND CONTENTIONS IN DENYING LIABILITY

The insurance company's principal ground for denying liability is that the insured dwelling was unoccupied when the damages were sustained and by virtue of specific provisions in the insurance policies and statutory provisions, it would not be liable.

Each policy specified that the insurance company would not be liable for loss:

"* * * resulting from freezing while a described building(s) is vacant or unoccupied, unless the Insured shall have exercised due diligence with respect to maintaining heat in the building(s) or unless the plumbing and heating systems and domestic appliances had been drained and the water supply shut off during such vacancy or unoccupancy."

The insurance company contends that since the insured dwelling was unoccupied, the above provision of each policy precludes the Rippys from recovering for the reason they did not use due diligence in protecting the property against freezing.

The statutory provision relied upon is Title 36 O.S.1951 § 244.1, which was in force when the policies were issued and is

the same as Title 36 O.S.1959 Supp. § 4803, which was in effect at the time the damages were sustained. These statutory provisions set forth a printed form of policy designated as "The Standard Fire Insurance Policy" to be used in Oklahoma. The standard form as set forth prescribes:

"Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring

"(a) while the hazard is increased by any means within the control or knowledge of the insured; or,

"(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; * * *."

By virtue of this statutory provision, the insurance company contends that since the dwelling was unoccupied for more than 60 days, the insured's intention to return is immaterial and that after 60 days had expired the insurance company's liability was suspended.

## FACTS

It was stipulated that if the plaintiffs (Rippys) were entitled to recover, they were entitled to recover the full amount sued for. It was further stipulated that the deposition of E. C. Rippy could be introduced in evidence which was the only testimonial evidence submitted.

In the deposition, E. C. Rippy testified that he and his wife left their home on November 24, 1958, for a vacation in Florida and returned February 19, 1959; that he did not shut off the water although his wife suggested he do so; that he did not shut off the water for the reason that they had lived in the house for six years and had never turned off the water and the pipes had never frozen; that no one entered their home while they were gone except two people who picked up their mail but the damages could not have been seen by them from where they entered; that the pipes froze and bursted and they sustained their damages while they were on their vacation.

## CONCLUSION

The insurance company does not contend that the premises were vacant but does contend that the premises were unoccupied. Therefore we must determine what the term "unoccupied" means when used in connection with insurance and whether the premises in the case at bar were unoccupied at the time the damages were sustained.

In Foley v. Sonoma County Farmers Mutual Fire Ins. Co., 18 Cal.2d 232, 115 P.2d. 1, a provision in the policy provided that the premises should not remain vacant or unoccupied more than ten consecutive days. The plaintiffs left the premises which was their home, on a visit, intending to return in 3 or 4 days but stayed away longer and on the 13th day of their absence the property was destroyed by fire. In that case the Court stated:

"Recognizing the dynamic relationship of human beings to their dwellings, courts throughout the country have held that temporary absence of the occupants does not render a dwelling unoccupied. 'To constitute occupancy of a dwelling house, it is not essential that it be continuously used by a family. The family may be absent from it, for health, pleasure, business, or convenience, for reasonable periods, and the house will not, on that account, be considered as vacant or unoccupied.' Moody v. Amazon Ins. Co., 52 Ohio St. 12, 38 N.E. 1011, 1013, 26 L.R.A. 313, 49 Am.St.Rep. 699. 'A mere temporary absence of the occupants from the premises, there being an intention to return, will not render the building unoccupied, so as to void the policy.' Republic Ins. Co. v. Watson, Tex.Civ. App., 70 S.W.2d 441, 443. 'The authorities without a single exception agree that a dwelling house will not be regarded as occupied unless it is the home or dwelling place of some person living and sleeping there habitually, not every night, but usually and ordinarily, who, when temporarily ab-

sent, returns to it as a place of abode.'

\* \* \*

"It is thus generally accepted that a person's dwelling constitutes not the boundaries but the focal point of his life. He does not cease to have a home when he is temporarily absent therefrom, nor does his home cease to be an occupied dwelling. It is not his physical presence but the habitual recurrence of that presence which renders a dwelling occupied \* \* \*."

■ Without question the plaintiffs in the instant action could be temporarily absent from their home for a reasonable length of time without their home becoming "unoccupied" as there term is used with reference to insurance. In the instant action the trial court found and adjudged the issues generally in favor of plaintiffs. This Court will presume that the trial court in its conclusions found every special thing necessary to be found to sustain the general finding and conclusion. See Mid-Central Towing Co. v. National Bank of Tulsa, Okl., 348 P. 2d 327. Therefore, there inheres in the finding and judgment of the trial court that the plaintiffs were only temporarily absent from their home and that such absence was not for an unreasonable length of time and their home was not unoccupied when the damages were sustained.

■■ In an action of legal cognizance, where a jury trial is waived, the judgment of the trial court, in the absence of prejudicial error, will be sustained if there is any competent evidence tending to sustain it. See Forsythe v. Bradshaw, Okl., 348 P.2d 851, 852. After reviewing the evidence, we cannot say that the judgment is not sustained by competent evidence.

We find it unnecessary to determine whether the statutory provision relied on by the insurance company is applicable as it relates to instances where insured premises are vacant or unoccupied and in the instant action we approved the inherent finding of the trial court that the premises were not unoccupied. We further find it unnecessary to consider the insurance com-

pany's contention that plaintiffs did not use due diligence in protecting their home against freezing as this provision becomes operative only when premises are unoccupied.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, HALLEY and JOHNSON, JJ., concur.

DAVISON, JACKSON, and BERRY, JJ., dissent.